# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DRUMMOND AMERICAN CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-08-1004-F |
| SHARE CORPORATION, and SHEILA MANNING, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the court is plaintiff, Drummond American Corporation's Motion to Dismiss Counterclaims Under Rule 12(b)(1), filed October 31, 2008 (doc. no. 20). Pursuant to LCvR 7.1(g), any response or objection to plaintiff's motion by defendant Sheila Manning was due on November 18, 2008. To date, defendant Sheila Manning has not responded and has not requested additional time to so respond. Accordingly, the court, pursuant to LCvR 7.1(g), deems the motion confessed. Upon review of the motion, as confessed, the court concludes that the motion should be granted.

Plaintiff contends that defendant Sheila Manning's declaratory judgment and restitution counterclaims must be dismissed because the counterclaims are permissive, not compulsory. A permissive counterclaim must be supported by an independent basis for subject matter jurisdiction. <u>Pipeliners Local Union No. 798 v. Ellerd</u>, 503 F.2d 1193, 1198 (10th Cir. 1974). The counterclaims as pled do not set forth any allegations relating to diversity or federal question jurisdiction.

A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(a), Fed. R. Civ. P.

To determine whether defendant Manning's counterclaims arise out of the "transaction or occurrence" that is the subject matter of plaintiff's claims, the court evaluates the following factors: (1) Are the issues of fact and law raised by the claims and counterclaims largely the same? (2) Would res judicata bar a subsequent suit on defendant's counterclaims absent the compulsory counterclaim rule? (3) Will substantially all the same evidence support or refute plaintiff's claims as well as defendant's counterclaims? and (4) Is there a logical relation between the claims and the counterclaims?

Based upon the court's review of these factors, the court concludes that the counterclaims alleged by defendant Manning are not compulsory counterclaims. The issues of law and fact for plaintiff's claims and defendant's counterclaims are not largely the same. Plaintiff's claims focus on defendant Manning's conduct after defendant voluntarily terminated her relationship with plaintiff. The claims concern defendant Manning's conduct of contacting and soliciting plaintiff's customers and using confidential information and trade secrets of plaintiff purportedly in violation of an agreement entered into by the parties during their relationship. Defendant's counterclaims focus on her former relationship with plaintiff, namely, whether she was an employee of plaintiff, rather than an independent contractor, and whether she was damaged by having to pay self-employment taxes and by not receiving employee benefits. The same evidence supporting plaintiff's claims will not support or refute defendant's counterclaims. Indeed, there would be little or no overlap of evidence between the claims and counterclaims. There is, in the court's view, no logical relationship between plaintiff's claims and defendant Manning's counterclaims. Finally, res judicata will not bar a subsequent suit on defendant's counterclaims.

Because defendant Manning counterclaims are not compulsory, defendant must establish an independent basis of subject matter jurisdiction for the court to entertain

the counterclaims.  <u>Ellerd</u>, 503 F.2d at 1198.  Defendant Manning has not alleged any basis for the court's exercise of subject matter jurisdiction over the counterclaims. Therefore, the court concludes that dismissal of the counterclaims for lack of subject matter jurisdiction is appropriate.

Accordingly, plaintiff, Drummond American Corporation's Motion to Dismiss Counterclaims Under Rule 12(b)(1), filed October 31, 2008 (doc. no. 20), is **GRANTED**.  Defendant Sheila Manning's counterclaims are **DISMISSED WITHOUT PREJUDICE**.

DATED November 19, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1004p006.wpd