## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DRUMMOND AMERICAN LLC,              )
                                    )
              Plaintiff,            )
                                    )
vs.                                 )    Case No. CIV-08-1004-F
                                    )
SHARE CORPORATION and               )
SHEILA MANNING,                     )
                                    )
              Defendants.           )

## ORDER

Before the court is Plaintiff Drummond American LLC's Motion for Partial Summary Judgment (doc. no. 44). The motion has been fully briefed and is ready for determination.[1]

<u>Background</u>

Plaintiff, Drummond American LLC ("Drummond"), is in the business of selling commercial grade chemicals and hardware. Defendant, Sheila Manning ("Manning"), worked for Drummond as a sales agent from February 2006 to August 2008. On February 13, 2006, Manning signed an agreement, which contained, *inter*

---

[1] After defendants filed their response to plaintiff's partial summary judgment motion, plaintiff filed a Motion to Strike Defendants' Evidence in Response to Plaintiff's Motion for Partial Summary Judgment (doc. no. 64). In the motion, plaintiff seeks to strike the affidavit of Rocky Dixon on the basis that defendants did not disclose Mr. Dixon as a person with knowledge of relevant facts in their initial disclosures and did not identify Mr. Dixon as a potential witness in their witness list. Defendants have not responded to the motion within the time prescribed by LCvR 7.1(g). The court, in its discretion, deems the motion confessed and grants the motion. The court has not considered the affidavit of Rocky Dixon in its adjudication of plaintiff's motion.

*alia,* a non-solicitation provision stating that for a period of two years following termination of the relationship with Drummond, whether by Manning or by Drummond, Manning would not solicit the customers she solicited or sold to during the last 12 months of the relationship.   In August of 2008, Manning began employment with Defendant, Share Corporation ("Share").   Share is a direct competitor of Drummond.  Drummond claims that since she began her employment with Share, Manning has made sales to Drummond's customers in violation of the non-solicitation provision.

Drummond filed suit against Manning and Share on  September 22, 2008.  In the First Amended Complaint filed February 2, 2009, Drummond asserts various claims, including (1) breach of contract, (2) misappropriation of proprietary information and trade secrets, (3) conspiracy to misappropriate proprietary information and trade secrets; (4)  tortious interference with business relationships, (5) tortious interference with contract, and (6) unfair competition.

In the instant motion, Drummond seeks summary judgment on two limited issues: (1) whether the non-solicitation provision of the agreement is enforceable, and (2) if enforceable, whether Manning has breached the provision.

Standard of Review

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that, "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the

light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from undisputed facts are to be determined in a light most favorable to the non-movant.  United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

Enforceability of the Non-Solicitation Provision

Drummond contends that the non-solicitation provision is enforceable under Oklahoma law,[2] arguing that Oklahoma law prohibits only unreasonable constraints on the exercise of a lawful profession, trade, or business.  Drummond asserts that the non-solicitation provision is reasonable for several reasons.  First, the non-solicitation provision, Drummond asserts, does not prohibit Manning from exercising her profession - even in competition with Drummond.   According to Drummond, Manning is free to sell competitive chemical and hardware products to any customer in the world except for the approximately 41 customers to whom she sold to during the last year of work with Drummond.  In addition, Drummond asserts that Manning is free to sell any non-competitive products to any customer, including those 41

---

[2] In its motion, Drummond notes that while the agreement signed by Manning states that Illinois law applies, the Oklahoma Supreme Court has not determined the enforceability of such a choice of law provision and there is a split of authority on the issue.  See e.g., Oliver v. Omnicare, Inc., 103 P.3d 626 (Okla. Ct. App. 2004) (holding choice of law provision to be enforceable); Herchman v. Sun Medical, Inc., 751 F. Supp. 942 (N.D. Okla. 1990) (holding choice of law provision to be unenforceable.)  Anticipating that Manning would argue that Oklahoma law applies, plaintiff has cited to and relied upon Oklahoma law for its motion.  Manning, in response, does not question the citation to and reliance upon Oklahoma law.

customers.  Drummond also maintains that the provision at issue is reasonable in that it is no broader than it needs to be to protect Drummond's legitimate interest in maintaining its existing customer relationships.  According to Drummond,  two year restrictions, like the one in the subject non-solicitation provision, have been enforced. Furthermore, Drummond contends that the provision is reasonable in that enforcement of the provision does not cause any undue hardship to Manning because she only is only restricted from soliciting 41 customers, and Share has provided her a guaranteed salary for the first year of employment, thereby guaranteeing Manning pay while she is trying to solicit non-Drummond customers.  Finally, Drummond contends that the non-solicitation provision is reasonable in that it is not directly or indirectly injurious to the public.

Section 217 of Title 15 of the Oklahoma Statutes prohibits only *unreasonable* restraints on the exercise of a lawful profession, trade, or business.  <u>Bayly, Martin & Fay, Inc. v. Pickard</u>, 780 P.2d 1168, 1172 (Okla. 1989).   In determining reasonableness, courts have considered the extent of the contractual restrictions on the exercise of a lawful profession, trade or business  and whether they fairly protect the employer's legitimate interests.  <u>Thayne A. Hedges Regional Speech and Hearing Center, Inc. v. Baughman</u>, 996 P.2d 939, 941 (Okla. Civ. App. 1998).  A covenant not to compete is unreasonable and does not protect a legitimate interest of an employer if its object is revealed to prevent ordinary competition.  <u>Loewen Group Acquisition Corp. v. Matthews</u>, 12 P.3d 977, 982 (Okla. Civ. App. 2000).  An employer may only contractually protect itself from unfair competition and not from the ordinary fair competition.  *Id*.  Thus, contractual provisions which require a former employee to "maintain a 'hands-off' policy" as to the employer's customers have been upheld. <u>Tatum v. Colonial Life & Accident Ins. Co.</u>, 465 P.2d 448,451 (Okla. 1970); *see also*, <u>Cardiovascular Surgical Specialists Corporation v. Mammana</u>, 61 P.3d 210, 214

(Okla. 2002); <u>Thayne A. Hedges Regional Speech and Hearing Center, Inc.</u>, 996 P.2d at 941; <u>Key Temp. Personnel, Inc. v. Cox,</u> 884 P.2d 1213, 1216-1217 (Okla. Ct. App. 1994).  However, contractual provisions which impose more than a "hands-off policy" as to the employer's customers and thus prevent fair competition have been declared void.  *See*, <u>Bayly, Martin & Fay, Inc.</u>, 780 P.2d at 1173-1175; <u>Loewen Group Acquisition Corp.,</u> 12 P.3d at 981-982.

If a contractual provision is unreasonable, judicial modification of a covenant not to compete "is justified if the contractual defect can be cured by imposition of reasonable limitations concerning the activities embraced, time, or geographical limitations." <u>Bayly, Martin & Fay, Inc.</u>, 780 P.2d at 1173.  A covenant not to compete cannot be judicially modified if essential elements of a contract must be supplied.  *Id*. at 1175.

The non-solicitation provision at issue states:

> During the term of [her] independent sales agency hereunder and for a period of two (2) years following termination thereof, whether by [herself] or by COMPANY, for whatever reason and whether for cause or without cause, AGENT shall not, directly or indirectly, for or on behalf of [herself] or any person, firm or entity solicit orders from or sell to any customer whom or which [she] solicited or sold on behalf of COMPANY during the last twelve (12) months of [her] relationship with COMPANY, any products competitive to those distributed by COMPANY.  Products competitive to those distributed by COMPANY are those which are substantially similar to or serve substantially similar functions as those products listed in COMPANY's Sales Kit, Catalogs and Manuals furnished to AGENT from time to time.

Ex. 1 to Drummond's motion.   The agreement between the parties does not define the term "customer."  However, Drummond in its papers has indicated that the provision applies to existing or established customers and defendants have not indicated

otherwise.  The court construes the term "customer" to mean "existing or established customer."  In addition, the court concludes, as with the contractual provision upheld in <u>Tatum</u>, the non-solicitation provision at issue does not restrain Manning from exercising her lawful profession.  It only requires a "hands-off" policy as to Drummond's existing or established customers solicited or sold to by Manning during the last 12 months of her relationship with Drummond.  Manning may still sell competitive products to any customer except for the existing and established customers she sold to in the last 12 months of work with Drummond.  And she may sell any non-competitive product to any of those customers.  The time restriction period of 2 years is the same as that approved in <u>Tatum</u> and the court finds it to be reasonable.  The court further finds that the non-solicitation provision is also consistent with 15 O.S. § 219A, enacted in 2001.[3]  Furthermore, the court finds that the non-solicitation provision only protects Drummond from unfair competition and not ordinary competition.  Therefore, as with the contractual provision in <u>Tatum</u>, the court concludes that the non-solicitation provision is not in violation of § 217.

---

[3]  Section 219A provides in pertinent part:

> A person who makes an agreement with an employer, whether in writing or verbally, not to compete with the employer after the employment relationship has been terminated, shall be permitted to engage in the same business as that conducted by the former employer or in a similar business as that conducted by the former employer as long as the former employee does not directly solicit the sale of goods, services or a combination of goods and services from the *established customers* of the former employer.

15 O.S. § 219A (A) (emphasis added).

Defendants contend that the non-solicitation provision should not be enforced because Drummond has not demonstrated that it had a protectable interest in its customers.   According to defendants, Manning, as an independent contractor, expended the money to cultivate or further the relationships with the customers to whom she sold Drummond products.  Defendants maintain that Drummond's lost profits model does not reflect any expenses incurred in building relationships with these customers.  Defendants contend that there is no evidence that Drummond spends any money on Manning's customers.   According to defendants, giving Drummond the protection is seeks in this action would violate public policy because it would allow Drummond to reap the benefits of the work product of an independent contractor who exerted her own time, money and effort to establish relationships with her customers.

The court rejects defendants' arguments.  Defendants have not proffered any evidence to support their arguments.  Although defendants refer to Drummond's lost profits model, they have not submitted the model with their papers.  They have not submitted any evidence, through affidavit or otherwise, to show that Drummond did not incur any expenses in building relationships with its customers, including the customers sold to by Manning.  The evidence in the record establishes that Drummond had a legitimate interest in the relationships that it had with its existing and established customers.  The evidence shows that Drummond invested substantial time, expense and resources to build its reputation, image and relationships with its customers.  Further, the evidence  demonstrates that Drummond gave Manning, upon execution of the agreement with Drummond, a ready-made book of business - a list of pre-existing customers to whom she could sell products and earn commissions.  Manning also received some of Drummond's trade secrets, confidential and proprietary information in order to assist  in her selling to customers.  Confidential information

and customer relationships are clearly protectable interests justifying the reasonable restraint at issue in this case. *See*, Tatum, 465 P.2d at 451.

Defendants also argue that the non-solicitation provision is "overbroad" because it limits "the economic choices of third parties." Again, defendants have submitted no evidence to support such argument and have not demonstrated that the non-solicitation provision limits the economic choices of third parties any more than the other contractual provisions which have been enforced by the courts in Oklahoma.

In sum, the court finds that the non-solicitation provision in the agreement between Drummond and Manning is enforceable under Oklahoma law. As the court finds that the provision is enforceable, the court turns to the remaining issue of whether Manning has breached the provision.

Breach of Non-Solicitation Provision

Drummond contends that Manning does not dispute that she has breached the non-solicitation provision. Indeed, Drummond asserts that Manning has admitted in deposition that with one exception, the only customers to which she has sold Share products are her former Drummond customers, and that the products she sold to these customers were the same types of products she had sold for Drummond. According to Drummond, it was Manning's intent upon commencing work with Share to sell Share products to her former Drummond customers. Drummond contends that Manning was not worried about the non-solicitation provision because she thought it was unenforceable. Therefore, Drummond contends that it is entitled to summary judgment on the issue that Manning breached the non-solicitation provision.

The court concludes that Drummond has demonstrated, through uncontroverted evidence, that Manning has breached the non-solicitation provision. The court concludes, based upon the evidence in the record, that no genuine issue of material fact exists as to the issue of breach of the non-solicitation provision.

In response, defendants contend that Drummond's breach of contract claim is barred by the doctrine of unclean hands. According to defendants, Drummond has a long history of hiring its competitors' employees and having the employees sell products in violation of their restrictive covenant. Manning, defendants contend, was hired by Drummond while she had 6 months remaining on her restrictive covenant with another competitor, and Tommy Griffin told her how to "get around" the restrictive covenant by selling products to her old customers that were not "exactly the same." In addition, defendants contend that when Manning signed her agreement with Drummond, she was promised that she would have the exclusive right to call on all potential customers in her territory that were not customers of existing Drummond agents. She was also promised that she could sell to any potential customer that may also have been a customer of an agent with Drummond's parent corporation, Lawson Products, Inc. ("Lawson"). However, defendants contend that after the agreement was signed, Drummond unilaterally implemented a new sales policy which allowed Lawson agents to sell products on an exclusive basis. Therefore, defendants maintain that Manning was precluded from selling to any customer that was also sold to by a Lawson agents. The new sales policy, defendants argue, eliminated Manning's opportunity to open new accounts. According to defendants, Manning was foreclosed from calling on over 2,000 customers and she suffered an approximate 15% to 20% reductions in sales and commissions. Finally, defendants contend that Drummond intentionally ran Ms. Manning off by requiring her to sign a new sales agent agreement by July 31, 2008 or be fired. The new agreement included significant changes, including a waiver of right to jury trial, a forum selection clause and a reduction of the statute of limitations to six months.

The court finds that defendants have failed to raise a genuine issue of material fact as to whether Drummond acted with unclean hands. Although defendants rely

upon Manning's affidavit to support their arguments that Mr. Griffin told Manning how to get around a restrictive covenant with a former competitor; that Manning could call on any potential customer, even if that customer was a customer of a Lawson agent; that she suffered an approximate 15% to 20% reduction in sales and commissions; and that she was told to sign the new sales agent agreement or be fired, defendants have not submitted the affidavit with their papers. There is, consequently, no evidence to support these arguments. Further, the cited deposition testimony of Tommy Griffin does not support defendants' assertion that Drummond has a long history of having employees sell products in violation of their restrictive covenants. As to the remaining evidence relied upon by defendants, the court concludes that the evidence relied upon is not sufficient to raise a genuine issue of fact that Drummond acted with unclean hands in regard to Manning.

Defendants also argue that Drummond's breach of contract claim is barred because Drummond constructively discharged Manning. Defendants contend that Drummond constructively discharged Manning by implementing the new sales policy which restricted the sales accounts she could call on and requiring her to sign a new sales agent agreement or be fired. They further contend that Manning discovered during her relationship with Drummond that there had been 19 indictments and a $30,000,000 fine levied against Lawson/Drummond for corrupt sales practices, and that this conduct, along with the other conduct, created working conditions that reached an intolerable level, giving Manning no choice but to leave.

Again, the court finds that defendants have failed to raise genuine issue of material fact that Drummond constructively discharged Manning. In support of their arguments, defendants rely upon Manning's affidavit. This affidavit, however, is not included in defendants' evidentiary submissions. The court therefore finds

insufficient evidence to support defendants' argument that Manning was constructively discharged.

In sum, the court concludes, based upon the evidence in the record, that no genuine issue of material fact exists as to the issue of Manning's breach of the non-solicitation provision.  The court therefore concludes that Drummond is entitled to partial summary judgment on the issues before the court.

Conclusion

Based upon the foregoing, Plaintiff's Motion to Strike Defendants' Evidence in Response to Plaintiff's Motion for Partial Summary Judgment, filed June 16, 2009 (doc. no. 64), is **GRANTED**.  Plaintiff Drummond American LLC's Motion for Partial Summary Judgment," filed May 1, 2009 (doc. no. 44), is **GRANTED**.

Dated this 3rd day of August, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1004p017  rev  (pub).wpd

-11-